UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY T. FOREMAN,

     Plaintiff,

v.

MUTUAL OF OMAHA INSURANCE
COMPANY, et al.,

     Defendants.

Case No. 26-cv-12153

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Gregory Foreman commenced this diversity defamation action against Mutual of Omaha Insurance Company and a related entity.[1]  The complaint alleges that Mutual of Omaha defamed Foreman when it accused him of professional misconduct in his capacity as a licensed "insurance producer." (ECF No. 1,

---

[1] The complaint also lists causes of action for negligence and "reputational harm." (ECF No. 1, PageID.9).  But negligence in the libel context is not a separate cause of action; it is the basic culpable mental state necessary to maintain a defamation claim. *See Lagonoy v. Gun*, No. 356629, 2022 Mich. App. LEXIS 912, at *8 (Mich. Ct. App. Feb. 17, 2022) (stating that a Michigan defamation claim requires a showing of "fault that was at least negligence").  "Reputational harm," on the other hand, is a type of damage. *See Smolen v. Dahlmann Apartments, Ltd.*, 127 Mich. App. 108, 115 (1983) (defining "damage" as "loss or harm resulting from injury to person, property, or reputation.").

PageID.5, ¶ 1; *see also* PageID.9, ¶¶ 1-2; PageID.43).  Before the Court is Foreman's

*pro se* application to proceed *in forma pauperis*. (ECF No. 2).  For the following

reasons, the Court will (1) grant the application and allow the complaint to be filed

without prepayment of the filing fee, and (2) dismiss the complaint.

Pro se complaints are held to "less stringent standards" than those drafted by

lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is

required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune
> from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other

words, a complaint is frivolous if "based on an indisputably meritless legal theory"

or "clearly baseless" facts or "a legal interest which clearly does not exist" or

"fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369

(6th Cir. 2011) (citations and internal quotations omitted).

To establish a prima facie case of defamation under Michigan law, the

plaintiff must demonstrate (1) that the defendant made a false and defamatory

statement concerning the plaintiff, (2) the statement was not privileged and was published to a third party, (3) fault that was at least negligence, and (4) either actionability of the statement without special harm or special harm caused by the publication. *Redmond v. Heller*, 332 Mich. 415, 439-440 (2020).

The basic flaw in Foreman's defamation claim centers upon the second element, *i.e.*, publication.   The June 27, 2023 letter from Mutual of Omaha's brokerage field operations manager – which contains the bulk of the purported defamatory statements – is addressed to Foreman, not a third party. (ECF No. 1, PageID.43).  So Mutual of Omaha's manager never "publicized" the letter.

Insofar as Foreman asserts that Mutual of Omaha's representatives communicated these same statements to outside "regulatory authorities," the statements are absolutely privileged. (*Id.*, PageID.5, ¶ 4; *see also* PageID.9, ¶ 5). "An absolutely privileged communication is one for which no remedy is provided for damages in a defamation action because of the occasion on which the communication is made." *Couch v. Schultz*, 193 Mich. App. 292, 294 (1992) (citation omitted).  Michigan law affords an absolute privilege to "statements made during or in relation to judicial proceedings and quasi-judicial proceedings." *Dixon v. Oakland Cty.*, No. 332831, 2017 Mich. App. LEXIS 1483, at *11 (Mich. Ct. App. Sep. 19, 2017); *see also Couch*, 193 Mich. App. at 294-295.  "Judicial proceedings may include any hearing before a tribunal or administrative board that performs a

judicial function." *Couch*, 193 Mich. App. at 294.  The privilege "should be liberally construed so that participants in judicial proceedings are free to express themselves without fear of retaliation." *Id.* at 295.

Construing the complaint in Foreman's favor, Mutual of Omaha's statements occurred during a quasi-judicial proceeding before the Michigan Office of Administrative Hearings and Rules ("MOAHR"). (ECF No. 1, PageID.33). MOAHR proceedings are quasi-judicial because they "include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *NRDC v. Dep't of Environmental Quality*, 300 Mich. App. 79, 86 (2013); *see also* Mich. Admin. Code R. 792.10106(1)(a), (n); 792.10107; 792.10126.

The complaint's allegations, along with the attached exhibits, indicate that the MOAHR proceeding was conducted in a hearing format; that it was held before an administrative law judge; that Foreman exercised his right to submit exhibits; that he was entitled to subpoena witnesses; and that he was afforded the opportunity to cross-examine those witnesses. (ECF No. 1, PageID.5, 9-49).  So any defamatory statements that Mutual of Omaha's representatives may have made about Foreman during the MOAHR proceeding are not actionable.

Lastly, Foreman asserts more generally that Mutual of Omaha's representative's "published statements accusing Plaintiff of fraudulent and/or coercive conduct . . . to third parties." (ECF No. 1, PageID.5, ¶¶ 3-4). Because this allegation is conclusory and devoid of "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Mutual of Omaha's representative published defamatory statements about Foreman to a third-party, he fails to state a plausible claim for relief. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quotation omitted). Accordingly,

IT IS ORDERED that Foreman's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Foreman may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 7, 2026                                  s/ Robert J. White
                                                     Robert J. White
                                                     United States District Judge

5